Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel:  (626) 795-4700
Fax: (626) 795-4790

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN  46204
Tel: (317) 637-1777
Fax: (317) 687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendant, J.B. Hunt Transport, Inc, removes this case from the Superior Court of Stanislaus County, California, to the U.S. District Court for the Eastern District of California. In support of removal, Defendant states the following:

**1.    The Action.** Plaintiff, Kenneth Freeney, filed his Class Action Complaint ("Complaint") in the Superior Court of Stanislaus County, California, on September 20, 2018, under Case No. CV18002954. The Complaint alleges Defendant violated California law by: (1) failing to properly pay overtime wages at the correct rate; (2) failing to provide accurate itemized wage statements; (3) failing to pay all wages upon termination; (4) engaging in unfair or unlawful business practices; and (5) seeking penalties as a representative under the Private Attorneys General Act ("PAGA"). Copies of all the pleadings and papers filed in the Superior Court of Stanislaus County, California, of which Defendant is aware are attached as *Exhibit A*.

**2.    Timeliness of Removal.** Under 28 U.S.C. § 1446, a Notice of Removal must be filed within 30 days of receiving a copy of the complaint if the pleading is removable on its face. If the complaint is not removable on its face, the case must be removed within 30 days of receiving an amended pleading, motion, order, or other paper from which removability may first be ascertained. While Defendant was served with the Complaint on November 2, 2018, the 30-day removal period did not begin to run at that time because removability was not evident from the face of the Complaint. Rather, removability could only be determined by performing a "mathematical calculation" using information outside the Complaint. *See Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1139-1140 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading") (internal quotation marks omitted).

On Monday, September 9, 2019, Defendant first received a post-complaint paper that affirmatively and unambiguously specified a damage amount sufficient to satisfy the federal jurisdictional minimums. Specifically, at a private mediation, Plaintiff

provided his estimates of Defendant's liability, which far exceeded the damage amount necessary for removal under the Class Action Fairness Act ("CAFA"). Thus, because the time to remove began, at the earliest, on September 9, 2019, removal is timely.

**3.** **Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which U.S. district courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d)(2), because the matter is a putative class action in which at least one putative class member is a citizen of a different state than Defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**4.** **Citizenship of the Parties.** Plaintiff alleges that he resides in California and is a citizen of California. *See Compl.*, ¶ 1; *Carolina Cas. Ins. Co. v. Team Equip.*, *Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). J.B. Transport, Inc., is a corporation incorporated under the laws of Georgia with its principal place of business in Lowell, Arkansas. Therefore, Defendant is a citizen of both Georgia and Arkansas. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Tel., Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (stating the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiff and Defendant are citizens of different states, and the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**5.** **Class Action / Aggregate Number of Proposed Class.** A class action under CAFA is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a class action under CAFA because Plaintiff seeks class certification pursuant to California's class action statute. *See Compl.,* ¶¶ 6-8.

Plaintiff defines his proposed "Class" to include "[a]ll current and former non-exempt employees of Defendant who worked for Defendant in California and received overtime pay for such work at any time from the period beginning four years before the filing of this action until the date of certification." *Compl.*, ¶ 6.

During his employment with Defendant, Plaintiff was a Class A truck driver subject to the Department of Transportation hours-of-service regulations; however, Plaintiff received overtime pay during orientation. Defendant's records indicate that Defendant has employed approximately 2,548 California residents as truck drivers who received overtime pay between September 20, 2014, four years prior to the filing of the Complaint, and August 22, 2019 ("Driver Class"). The aggregate number of proposed class members therefore exceeds the requirement of 28 U.S.C. § 1332(d)(5)(B).

**6.     Amount in Controversy.** Although Defendant denies all of Plaintiff's allegations, to the best of Defendant's information and belief, and without admitting that Defendant engaged in any improper conduct, the amount in controversy in this case, exclusive of interest and costs, exceeds the $5,000,000 jurisdictional threshold in 28 U.S.C. § 1332(d)(2).

In his Third Cause of Action, Plaintiff alleges that Defendant willfully failed to pay all Driver Class members wages owed to them at the end of their employment in violation of Cal. Lab. Code §§ 201 and 202. *Compl.*, ¶ 31. According to the position he took at mediation and as set forth in the Complaint, Plaintiff seeks an award of late wage payment penalties under Cal. Lab. Code § 203 ("Section 203") for any Driver Class member whose employment terminated more than three years prior to filing the Complaint. *Id.*, ¶¶ 32-33. Section 203 provides that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, … 202 …, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to 30 days. Cal. Lab. Code § 203. Claims for waiting time penalties under Section 203 are governed by a three-year statute of limitations. *See Pineda v. Bank of Am.*, 241 P.3d 807 (Cal. 2010).

Since September 20, 2015, three years before the Complaint was filed, an estimated 2,228 of the 2,548 putative Driver Class members ceased employment with Defendant. Assuming each putative Driver Class member worked 8 hours per day, with a minimum rate of $10 an hour (the lowest California minimum wage during the applicable time period), Plaintiff therefore seeks a total of **$5,347,200** in waiting time penalties for himself and all putative Driver Class members (2,228 former employees × $80 per day × 30 days).

Although this amount alone exceeds the $5,000,000 required for removal, it does not include other claims that Plaintiff asserts against Defendant that cannot be precisely quantified at this stage of the litigation. Nor does it include attorney fees, which Plaintiff seeks, and which may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

In class action cases in California, prevailing plaintiffs have requested, and courts have awarded, attorney fees in the range of 25%-33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund). Thus, Plaintiff is expected to seek at least **$1,336,800** in attorney fees alone, or 25% of the $5,347,200 in controversy by virtue of just the single cause of action discussed above, bringing the amount in controversy to a total of **$6,684,000**.

**7.    Notice of Removal to Adverse Parties and to State Court Clerk.** Under 28 U.S.C. § 1446(d), Defendant will give written notice of this removal to Plaintiff and to the Clerk of the Superior Court of Stanislaus County, California. Specifically, promptly after filing this Notice of Removal, Defendant will send to Plaintiff and will file with the Clerk of the Superior Court of Stanislaus County, California, a Notice of

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Removal of Action to Federal Court, a true and correct copy of which is attached as *Exhibit B*.

**8.**     **No Waiver.** By filing this Notice of Removal, Defendant does not waive any available defenses.

WHEREFORE, Defendant respectfully removes this case to this Court.

Dated: September 20, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By:     */s/ Alaina C. Hawley*
        Alaina C. Hawley

        Attorney for Defendant, J.B. Hunt Transport, Inc.

4812-0339-1141, v. 6

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT