# EXHIBIT A- STATE COURT PLEADINGS

**SCHEPPACH BAUER PC**
JOHN M. SCHEPPACH (BAR NO. 240633)
Email: jmscheppach@sbpc.law
BRIAN R. BAUER (BAR NO. 238368)
Email: bbauer@sbpc.law
23161 Mill Creek Drive, Suite 360
Laguna Hills, CA 92653
Phone: (949) 209-8880
Fax: (949) 358-7884

Attorneys for Plaintiff
Kenneth Freeney, on behalf of himself
and all others similarly situated

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF STANISLAUS

| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated, | Case No. **CV18002954** |
|---|---|
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | (1) **Unpaid Overtime Wages** |
| J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive, | (2) **Failure To Provide Accurate Wage Statements** |
| Defendants. | (3) **Failure To Pay All Wages Due Upon Separation** |
| | (4) **Unlawful Or Unfair Business Practices** |
| | (5) **Representative Action Under PAGA** |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Kenneth Freeney ("Plaintiff") brings this action on behalf of himself and others similarly situated:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is an individual and a resident of California.

2.      Defendant J.B. Hunt Transport, Inc. (the "Company" or "J.B. Hunt") is a corporation that provides trucking services.   The Company has operations throughout California and employs employees throughout California.

3.      Plaintiff is a former non-exempt employee of the Company who worked for the Company as a California-based driver, from approximately September 2017 to May 2018. By way of this Complaint, Plaintiff seeks unpaid wages, statutory penalties, and other monetary relief that render this matter an "unlimited" civil case within the meaning of California law.

4.      The true names and capacities of the Doe Defendants (Does 1 through 25, inclusive) are unknown to Plaintiff at this time and Plaintiff is informed and believes that they are in some way liable for the illegal conduct, injury, and damages alleged herein.  The Doe Defendants are believed to be joint employers or otherwise liable for the conduct complained of herein, whether because of alter-ego status, agency principles, aider and abettor (or co-conspirator) status, statutorily-imposed responsibility (*e.g.*, Labor Code section 558.1), or otherwise.

5.      The Court has personal jurisdiction over the Company because it is a citizen of this State, does business in this State, and otherwise has minimum contacts with this State. The Court has personal jurisdiction over Plaintiff because he is a resident of California and has sufficient minimum contacts with this State.  Venue is proper in Stanislaus County inasmuch as the Company conducts business in Stanislaus County, Plaintiff is a resident of Stanislaus County, and part of the alleged unlawful conduct and/or its effects occurred in Stanislaus County.

-1-
CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

6.    Plaintiff brings this action pursuant to California Code of Civil Procedure section 382, on behalf of himself and the Class described below.  The Class is comprised of and defined as:

> Class: All current and former non-exempt employees of J.B. Hunt who worked for J.B. Hunt in California and received overtime pay for such work at any time from the period beginning four years before the filing of this action until the date of certification (hereafter, the "Class Period").

7.    There exists a well-defined community of interest among the Class, and the Class is readily ascertainable for the following reasons:

(a)    The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical.  Plaintiff alleges on information and belief that the members of the Class exceed one hundred (100) persons.

(b)    Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

(c)    Common issues of fact or law predominate in this action over any purported individual issues.  Specifically, the following common issues of fact or law predominate and make this class action superior to individual actions:

(i)    Whether Plaintiff and the rest of the Class are entitled to recover unpaid wages, damages, penalties, injunctive relief or other equitable relief on the grounds that J.B. Hunt has used uniform policies and/or practices that violated California laws and regulations and caused Plaintiff and the rest of the Class to suffer the same or similar injuries;

(ii)    Whether the Company's policy or practice of not including economic items in the regular rate of pay caused Plaintiff and members of the Class to suffer compensable wage loss under California law;

(iii)    Whether the Company failed to issue legally-compliant wage statements to Plaintiff and Class members;

(iv)    Whether the Company failed to pay all wages due Plaintiff and separated Class members as required by California law; and

(v)    Whether the Company's practices have constituted unlawful or unfair practices under Business and Professions Code sections 17200 *et seq.*

(d)    Plaintiff reserves the right under all applicable law, including Rule 3.765(b) of the California Rules of Court, to further divide the Class into subclasses or seek certification on particular issues.

8.    The issues which may be jointly tried in this action, when compared to any purported individual issues, are so numerous and/or substantial that the maintenance of a class action would be advantageous to the judicial process and the litigants.  A class action is superior to other means for a fair and efficient adjudication of this controversy.

## ALLEGED WAGE-AND-HOUR VIOLATIONS

9.    During the Class Period, J.B. Hunt maintained policies and practices governing the working conditions of, and payment of wages to, Plaintiff and the rest of the Class.  As alleged below, J.B. Hunt's policies and practices violated California's labor laws and constituted unlawful or unfair business practices under Business and Professions Code sections 17200 *et seq.*

10.    Specifically, during the Class Period, J.B. Hunt committed various violations of California's Labor Code and the applicable Wage Order, including:

(a)    Unpaid Overtime/Incorrect Calculation Of The Regular Rate.  J.B. Hunt failed to pay all overtime wages due Plaintiff and the rest of the Class.  During the Class Period, J.B. Hunt failed to include various economic items in the regular rate of pay and thus failed to pay the overtime owed (including time-and-half pay and double-time) on these items.  The economic items that J.B. Hunt excluded from the regular rate calculations include, without limitation, its sign-on bonuses, transition-assistance pay, transition assistance packages, retention bonuses, incentive pay, perform bonuses, and training wages.

(b)    Inaccurate Wage Statements.  J.B. Hunt failed to provide accurate wage statements to Plaintiff and the rest of the Class.  J.B. Hunt failed to issue accurate wage

statements to Plaintiff and the rest of the Class as a consequence of the failure to include economic items in the regular rate of pay for purposes of overtime calculations. These wage statement violations were all "knowing and intentional" and resulted in "injury" as those terms are statutorily defined.

(c)    Failure To Pay All Wages Due Upon Separation From Employment. J.B. Hunt failed to pay, in the final paychecks (or direct deposits) issued to them, all wages due Plaintiff and the rest of the former employees in the Class. Specifically, J.B. Hunt failed to pay all wages due Plaintiff and the rest of the separated Class members as a consequence of the failure to include economic items in the regular rate of pay for purposes of overtime calculations.

## FIRST CAUSE OF ACTION

### Unpaid Overtime Wages

### (Against J.B. Hunt and Does 1 through 25, inclusive)

11.    Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 10 inclusive.

12.    At all relevant times, Plaintiff and Class members were employees of J.B. Hunt entitled to the protections of the Labor Code and of the Wage Orders.

13.    Labor Code section 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Orders.

14.    Labor Code sections 510 and 1194, and Section 3 of the IWC Wage Orders, require employers to pay overtime wages to their employees at no less than one and one-half times their regular rate of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive workday.

15.    Labor Code sections 510 and 1194, and Section 3 of the IWC Wage Orders, also require employers to pay overtime wages to their employees at no less than two times their regular rate of pay (*i.e.*, double-time) for all hours worked in excess of twelve hours in

one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday.

16.    Employers must properly factor all economic items into the regular rate of pay for purposes of calculating the overtime wages owed to its employees. (*Alvarado v. Dart Container Corp. of California* (2018) 4 Cal.5th 542, 554, 568, [the regular rate of pay must include the "value of any nonhourly compensation," including bonuses].)

17.    Throughout the Class Period. J.B. Hunt has offered and provided class members with various economic items which J.B. Hunt has not factored into the regular rate. For example, the Company provides "sign-on bonus" (also referred to as transition-assistance pay, a transition assistance package, or a retention bonus) as a "monetary incentive for signing on" with the Company. On information and belief, the Company has not factored its sign-on bonuses into the regular rate of pay. Moreover, aside from the Company's sign-on bonus pay, the Company also provides various other economic items, including (without limitation) incentive pay, perform bonuses, training wages, and a variety of other pay-related items or wages, none of which are factored into the regular rate.

18.    In connection with his employment at J.B. Hunt, Freeney was offered and received a sign-on bonus. J.B. Hunt also offered and provided Freeney with incentive pay and other economic items, including perform bonuses and training wages.

19.    Freeney worked in California for J.B. Hunt and was paid overtime by the Company. The Company, however, did not factor the sign-on bonus and other economic items into Freeney's regular rate of pay and consequently did not pay him all the overtime he was due under California law.

20.    At all relevant times, J.B. Hunt failed to pay Plaintiff and other Class members all the overtime wages due to them by maintaining policies and/or practices that failed to include economic items in the regular rate of pay and consequently underpaid Plaintiff and Class members their overtime wages due.

21. Pursuant to Labor Code section 1194, Plaintiff and Class members are entitled to recover the unpaid balance of the full amount of the overtime wages owed, including interest thereon, reasonable attorney's fees, and costs of suit.

## SECOND CAUSE OF ACTION

Failure to Provide Accurate Wage Statements

(Against J.B. Hunt and Does 1 through 25, inclusive)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Labor Code section 226(a) requires that employers furnish to their employees semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing such matters as the name of the legal entity that is the employer, the gross wages earned, the total hours worked, the net wages earned and all applicable hourly rates and the corresponding hours worked at those rates during the pay period.

24. At all relevant times, Labor Code section 226(a) applied to J.B. Hunt's employment of Plaintiff and the rest of the Class.

25. At all relevant times, J.B. Hunt knowingly and intentionally failed to provide Plaintiff and the rest of the Class with accurate itemized wage statements as required by Labor Code section 226.

26. As a result of the Company's alleged inaccurate calculation of the regular rate, the Company failed to provide Plaintiff and other Class members with accurate wage statements that accurately reflected their gross wages earned (violating Labor Code section 226(a)(1)), their net wages earned (violating Labor Code section 226(a)(5)), and their applicable rates of pay and hours worked at those rates (violating Labor Code section 226(a)(9)).

27. Plaintiff and the rest of the Class have suffered the requisite injury as result of J.B. Hunt's violations of Labor Code section 226, violations which precluded Plaintiff and Class members from being able to "promptly and easily" determine from the wage statement alone one or more the statutorily-required items of information.

28.   Pursuant to Labor Code section 226 subdivision (e), Plaintiff and the rest of the Class are entitled to recover statutory penalties from the Company for the wage statement violations, as well as attorney's fees and costs.

## THIRD CAUSE OF ACTION

Failure to Pay All Wages Upon Termination

(Against J.B. Hunt and Does 1 through 25, inclusive)

29.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 inclusive as though fully set forth herein.

30.   At all relevant times, Labor Code sections 201 and 202 applied to J.B. Hunt and imposed time requirements on tendering to a discharged or quitting employee their final wages.   At all relevant times, Labor Code section 201 provided that, if an employer discharged an employee, the employee's wages earned and unpaid at the time of discharge are due and payable immediately.   At all relevant times, Labor Code section 202 provided that, if an employee quits without giving 72 hours advance notice, all of his or her wages are due within 72 hours of quitting; if an employee quits and provides 72 hours or more of advance notice, all of his or her wages are due at the time of quitting.

31.   J.B. Hunt willfully failed to pay Plaintiff and the rest of the separated employees in the Class all their wages due in violation of Labor Code sections 201 and 202.

32.   As a result of the Company's alleged inaccurate calculation of the regular rate, the Company did not provide separated employees with final pay that contained all overtime wages due to them under California law.   This deficiency in final pay was willful within the meaning of Labor Code section 203.

33.   At all relevant times, Labor Code section 203 provided that, if employers (such as J.B. Hunt) willfully fail to pay any wages of an employee who is discharged or quits in the time required by Labor Code section 201 or 202, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Plaintiff and the rest of the separated employees in the Class are entitled to

receive statutory penalties up to a maximum of thirty (30) days, as well as attorney's fees and costs, under Labor Code section 203.

## FOURTH CAUSE OF ACTION

### Unfair Or Unlawful Business Practices

### (Against J.B. Hunt and Does 1 through 25, inclusive)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 inclusive as though fully set forth herein.

35. At all relevant times, the Company's practices, as alleged above, have been unfair, unlawful, and harmful to Plaintiff, others similarly situated, and the general public. The Company's above-alleged practices constitute violations of Business and Professions Code sections 17200 *et seq*. A practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code sections 17200 *et seq*.

36. Among other things, the following practices of the Company constitute unfair or unlawful business practices:

a. The failure to pay all overtime wages due as alleged above;

b. The Company's failure to provide accurate wage statements as alleged above; and

c. The Company's failure to pay all the wages due separated employees as alleged above.

37. Accordingly, pursuant to Business and Professions Code sections 17200 *et seq.*, Plaintiff and the rest of the Class are entitled to restitution of wages and other property held by the Company and/or other relief requiring the Company (and any other responsible parties) to pay all wages and other sums due to them.

38. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code section 17203, in that he has suffered injury in fact and has lost money as a result of the Company's actions, as more fully set forth in this pleading.

## FIFTH CAUSE OF ACTION

Representative Action Under PAGA

(Against J.B. Hunt and Does 1 through 25, inclusive)

39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 inclusive as though fully set forth herein.

40.    Pursuant to Labor Code section 2699.3, Plaintiff brings this action as a non-class, representative action under the Private Attorneys General Act of 2004 ("PAGA") on behalf of himself and all other aggrieved employees for penalties based on violations of the California Labor Code and the applicable IWC Wage Order(s) set forth above.

41.    In addition to and apart from the class action alleged above, Plaintiff alleges that he is an "aggrieved employee" under PAGA, and he brings this action as a representative action on behalf of himself and all other current and former aggrieved employees of the Company pursuant to PAGA.  In particular, Plaintiff seeks all the civil penalties that are recoverable under PAGA, including under Labor Code section 2699(f), for the violations of the Labor Code committed by J.B. Hunt.

42.    Plaintiff brings a representative action on behalf of himself and other aggrieved employees for all available civil penalties for the following violations of California law, as alleged above:

a.    The failure to pay all overtime wages due as alleged above;

b.    The failure to provide accurate wage statements as alleged above; and

c.    The failure to pay all the wages due separated employees as alleged above.

43.    Labor Code section 2699(f)(2) provides that the default civil penalties recoverable under PAGA for such violations are "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation," except where the Labor Code specifically provides for another penalty.  In addition to the default civil penalties PAGA provides, Plaintiff seeks, through PAGA, any civil penalties available under

Labor Code section 226.3 and section 558 for the above-alleged violations of the Labor Code and/or applicable IWC Wage Order(s).

44.    Plaintiff has adequately exhausted his administrative remedies under PAGA and has complied with the requirements for maintaining this representative action set forth in Labor Code section 2699.3, by giving written notice to the Labor and Workforce Development Agency (on July 13, 2018) of the specific provisions of the Labor Code alleged to have been violated. The Company was mailed a copy of the notice by certified mail on the same date. Plaintiff has waited the requisite statutory period before filing this action for PAGA penalties.

## PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

**On The First Cause Of Action**

1.    For all recoverable damages and unpaid wages, including overtime wages;

**On The Second Cause Of Action**

2.    For statutory penalties under Labor Code section 226, up to the statutory maximum; and

**On The Third Cause of Action**

3.    For statutory penalties under Labor Code section 203, up to the statutory maximum;

**On The Fourth Cause Of Action**

4.    For restitution of all unpaid wages and other monies withheld from Plaintiff and the rest of the Class together with the disgorgement of any profits received as a result of J.B. Hunt's unlawful or unfair business practices;

**On The First Through Fourth Causes Of Action**

5.    For a certification of the action as a class action, and entry of judgment in favor of the Class;

6.    For attorney's fees and costs pursuant to Civil Code section 1021.5, all provisions of the Labor Code that authorize attorney's fees and costs (including, without

-10-
CLASS ACTION COMPLAINT

limitation, Labor Code sections 226, 203, 1194(a), 1194.3, 3287, and 3289), the "common fund" theory, the "substantial benefit" theory, and/or any other applicable theory or doctrine;

**On The Fifth Cause Of Action**

7.   For all forms of relief and civil penalties recoverable under PAGA;

8.   For reasonable attorney's fees and costs recoverable under PAGA;

**On All Causes Of Action**

9.   For prejudgment interest on all amounts owing, commencing from the date such amounts were due; and

10.   For all such other relief as the Court deems just and proper.

Dated: September 19, 2018                     **SCHEPPACH BAUER PC**

By: _____
JOHN M. SCHEPPACH
Attorneys for Plaintiff
Kenneth Freeney, on behalf of himself
and all other similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and causes of action so triable.

Dated: September 19, 2018                     **SCHEPPACH BAUER PC**

By: _____
JOHN M. SCHEPPACH
Attorneys for Plaintiff
Kenneth Freeney, on behalf of himself
and all others similarly situated

-11-



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

J.B. Hunt Transport, Inc., an Arkansas Corporation, and Does 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kenneth Freeney, an individual, on behalf of himself and all others similarly situated



**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Stanislaus

City Towers Courthouse

801 10th Street, Modesto, CA 95354

| CASE NUMBER:<br>*(Número del Caso):* | **CV18002954** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE:<br>*(Fecha)* | SEP 20 2018 | Clerk, by<br>*(Secretario)* | Kathy Cardone | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **J.B. Hunt Transport, Inc., an Arkansas Corporation**

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other (specify): **CCP 415.40**
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CORPORATE SAFETY

OCT 05 2018

RECEIVED

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John M. Scheppach (SBN 240633); Brian R. Bauer (SBN 238368)<br>Scheppach Bauer PC<br>23161 Mill Creek Drive, Suite 360, Laguna Hills CA 92653<br>TELEPHONE NO.: 949.209.8880    FAX NO.: 949.358.7884<br>ATTORNEY FOR *(Name):* Plaintiff Kenneth Freeney | FILED<br>2018 SEP 20 A 9:18<br>COUNTY OF STANISLAUS<br>Kathy Cardone |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS: 801 10th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

CASE NAME:    Kenneth Freeney v. J.B. Hunt Transport, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CV-18000295<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  9/19/18

John M. Scheppach
(TYPE OR PRINT NAME)                    ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| COURT GENERATED | |
| Attorney for: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner:    Kenneth Freeney
Defendant/Respondent:    J B Hunt Inc.

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER |
|---|---|
| | CV16002954 |

1.  NOTICE is given that a Case Management Conference has been scheduled as follows:

Date: 1/22/2019    Time: 8:30    (AM)/PM

This case is assigned to Judge    ROGER M. BEAUCHESNE Dept    24    , for all purposes, including trial.

   *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
   All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.

2.  You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:
   a.  An order establishing a discovery schedule.
   b.  An order referring the case to arbitration.
   c.  An order dismissing fictitious defendants.
   d.  An order scheduling exchange of expert witness information.
   e.  An order setting subsequent conferences and the trial date.
   f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: SEP 20 2018    by _____ Deputy Clerk
                                      Kathy Cardone
Mandatory Form

--SANCTIONS--
If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

CV003                                                                                   11/10

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John M. Scheppach (Bar No. 240633); Brian R. Bauer (Bar No. 238368)<br>Scheppach Bauer PC<br>23161 Mill Creek Drive, Suite 360, Laguna Hills, CA 92653<br><br>TELEPHONE NO.: (949) 209-8880    FAX NO. *(Optional):* (949) 358-7884<br>E-MAIL ADDRESS *(Optional):* jmscheppach@sbpc.law; bbauer@sbpc.law<br>ATTORNEY FOR *(Name):* Plaintiff Kenneth Freeney | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

PLAINTIFF/PETITIONER: Kenneth Freeney

DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc., an Arkansas Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CV18002954 |
|---|---|

TO *(insert name of party being served):* J.B. Hunt Transport, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 10/19/18

John M. Scheppach
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

Civil Case Cover Sheet
Alternative Dispute Resolution Packet
Notice Of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: 11.2.18

James H. Hanson on behalf
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
of J.B. Hunt Transport, Inc.

▶    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John M. Scheppach (Bar No. 240633); Brian R. Bauer (Bar No. 238368)<br>Scheppach Bauer PC<br>23161 Mill Creek Drive, Suite 360, Laguna Hills, CA 92653<br><br>TELEPHONE NO.: (949) 209-8880    FAX NO. *(Optional):* (949) 358-7884<br>E-MAIL ADDRESS *(Optional):* jmscheppach@sbpc.law; bbauer@sbpc.law<br>ATTORNEY FOR *(Name):* Plaintiff Kenneth Freeney | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus |
|---|
| STREET ADDRESS: 801 10th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Modesto, CA 95354<br>BRANCH NAME: City Towers Courthouse |

| PLAINTIFF/PETITIONER: Kenneth Freeney |
|---|
| DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc., an Arkansas Corporation |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CV18002954 |
|---|---|

TO *(insert name of party being served):* J.B. Hunt Transport, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 10/19/18

John M. Scheppach
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Civil Case Cover Sheet
   Alternative Dispute Resolution Packet
   Notice Of Case Management Conference

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel:  (626) 795-4700
Fax:  (626) 795-4790

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN  46204
Tel: (317) 637-1777
Fax: (317) 687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

Electronically Filed
12/3/2018 2:11 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Lindsey Stringfellow, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: Case No.: CV18002954<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: September 20, 2018<br>Hon. Roger M. Beauchesne<br>Dept. 24<br>Trial Date: Not Set |

Defendant, J.B. Hunt Transport, Inc., responds to the Class Action Complaint ("Complaint") filed by Plaintiff, Kenneth Freeney, as follows:

**I.**

**GENERAL DENIAL**

Under California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint and each

1

purported cause of action asserted in the Complaint. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiff, and/or the class he seeks to represent, are entitled to any of the relief requested; that Defendant violated any statute or other legal requirement pertaining to compensation to be paid to its employees; that Defendant is guilty of any wrongful conduct or omission; and that any conduct or omissions of Defendant caused any injury or damage to Plaintiff, and/or the class he seeks to represent, in the amount alleged or otherwise.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

Under California Code of Civil Procedure § 431.30(g), Defendant further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that Defendant has the burden of proof or persuasion of any of these issues or that Defendant is liable for any claims against it:

1. The Complaint should be dismissed because each claim set forth in the Complaint fails to state a claim upon which relief can be granted.

2. The Complaint should be dismissed because (1) there are administrative remedies available to Plaintiff, (2) Plaintiff is required to pursue these administrative remedies before bringing claims against Defendant, and (3) Plaintiff has failed to exhaust these administrative remedies before filing suit.

3. Some or all of Plaintiff's claims are barred because Defendant has paid Plaintiff in full.

4. Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing, and Defendant has not intentionally or willfully failed to pay such additional compensation.

5. Plaintiff's claims must be dismissed to the extent they relate to work activities performed outside of California because the California Labor Code does not apply to work activities performed outside the state.

2

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

6. The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200 (the "UCL").

7. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8. Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

9. Plaintiff is exempt from the payment of overtime as an interstate truck driver subject to the U.S. Department of Transportation's hours-of-service regulations under Section 3(L) of the IWC Wage Order No. 9.

10. This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, and superiority.

11. To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such relief because (a) he has an adequate remedy at law and (b) he lacks standing.

12. Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code, the California Business & Professions Code, or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy.

13. Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

14. The UCL is unconstitutional, vague, and over broad in the manner in which Plaintiff claims that it applies to Defendant's business practices; the UCL therefore constitutes a violation of Defendant's rights to due process and equal protection.

15. Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

3

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

16. Plaintiff's allegations against unidentified "Doe" Defendants must be dismissed because Plaintiff has failed to identify and serve those purported Defendant in a timely manner.

17. Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

18. To the extent that Plaintiff seeks punitive damages based on the alleged acts of Defendant, the Complaint violates Defendant's right to substantive due process as provided by the U.S. Constitution and the California Constitution.

19. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert them.

20. Plaintiff's claims for penalties, including waiting time penalties under California Labor Code § 203, are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202 and 203; (b) Defendant has not intentionally or willfully failed to pay each additional compensation, and (c) to impose penalties in this action would be inequitable and unjust.

21. The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.,* 124 P.3d 409 (Cal. 2005); *Ratner v. Chemical Bank New York Trust Co.,* 54 F.R.D. 412 (S.D.N.Y. 1972).

22. Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against each and every member of the subsequently certified class.

WHEREFORE, Defendant requests judgment as follows:

A. That this action not be certified as a class action;

B. That Plaintiff takes nothing by way of the Complaint;

4

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

C.   That judgment be entered against Plaintiff and in favor of Defendant;

D.   That Defendant be awarded its attorney fees and costs incurred in this case; and

E.   That Defendant be awarded all other necessary and proper relief.

Dated: December 3, 2018                    SCOPELITIS, GARVIN, LIGHT, HANSON
                                           & FEARY, P.C.


                                           By:   _____
                                                 Christopher C. McNatt, Jr.
                                                 Attorneys for Defendant,
                                                 J.B. HUNT TRANSPORT, INC.

5

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On December 3, 2018, I served the foregoing document described as **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF' CLASS ACTION COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> John M. Scheppach, Esq.
> Brian R. Bauer, Esq.
> SCHEPPACH BAUER PC
> 23161 Mill Creek Drive, Suite 360
> Laguna Hills, California 92653

√ **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2018, at Pasadena, California.

_____
Michelle Lazo

4828-6188-4793, v. 4

---

PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John M. Scheppach (SBN 240633) / Brian R. Bauer (SBN 238368)<br>Scheppach Bauer PC<br>23161 Mill Creek Drive, Suite 360<br>Laguna Hills, CA 92653<br>TELEPHONE NO.: (949) 209-8880    FAX NO. *(Optional):* (949) 358-7884<br>E-MAIL ADDRESS *(Optional):* jmscheppach@sbpc.law /bbauer@sbpc.law<br>ATTORNEY FOR *(Name):* Plaintiff Kenneth Freeney | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus**
STREET ADDRESS: 801 10th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

PLAINTIFF/PETITIONER: Kenneth Freeney

DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER:<br>CV-18-002954 |
|---|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 22, 2019    Time: 8:30 a.m.    Dept.: 24    Div.:    Room:

Address of court *(if different from the address above):*

☒    **Notice of Intent to Appear by Telephone, by** *(name):* John M. Scheppach, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Plaintiff Kenneth Freeney, an individual, on behalf of himself and all others similarly situated ("Plaintiff").
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* September 20, 2018
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*
      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐   have had a default entered against them *(specify names):*
   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint    *(Describe, including causes of action):*
      Class Action Complaint for wage-and-hour violations.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kenneth Freeney | CASE NUMBER:<br>CV-18-002954 |
| DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff is a former employee of Defendant. Plaintiff's Class Action Complaint alleges claims for unpaid overtime wages, failure to provide accurate wage statements, failure to pay all wages due upon separation, unlawful or unfair business practices, and PAGA civil penalties. Plaintiff seeks relief on behalf of himself and on behalf of the current and former employees in the alleged putative class.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This is a class action, it has been designated as complex, and it will not be ready for trial within 12 months. (Standards of Judicial Administration, Rule 2.2(g) and California Rules of Court, Rule 3.400.)
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒ days *(specify number):* 10-15 court days
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                                  f.  Fax number:
e.  E-mail address:                                                       g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Kenneth Freeney | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc. | CV-18-002954 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011] — **CASE MANAGEMENT STATEMENT** — **Page 3 of 5**

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kenneth Freeney | CASE NUMBER: CV-18-002954 |
| DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc. | |

11. **Insurance**
   a. ☐    Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights:   ☐ Yes   ☐ No
   c. ☐    Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐   Bankruptcy   ☐   Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐    There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
      ☐    Additional cases are described in Attachment 13a.
   b. ☐    A motion to   ☐    consolidate   ☐    coordinate   will be filed by *(name party):*

14. **Bifurcation**
   ☐    The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒    The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion for Class Certification

16. **Discovery**
   a. ☐    The party or parties have completed all discovery.
   b ☒    The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Depositions | Per Code |
| Plaintiff | Expert discovery | Per Code |

   c. ☐    The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]    **CASE MANAGEMENT STATEMENT**    **Page 4 of 5**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kenneth Freeney | CASE NUMBER: |
| DEFENDANT/RESPONDENT: J.B. Hunt Transport, Inc. | CV-18-002954 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* The parties have communicated on numerous occassions on topics identified by Rule 3.724 of the California Rules of Court. Counsel anticipates having an additional telephonic conference prior to the CMC to ensure any remaining topics are discussed.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 8, 2019.

| | |
|---|---|
| John M. Scheppach | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** **Page 5 of 5**

American LegalNet, Inc.
www.FormsWorkFlow.com

# PROOF OF SERVICE

I am employed in the County of Orange, State of California, as a shareholder of Scheppach Bauer PC. I am over the age of eighteen (18) and am not a party to this action. My business address is 23161 Mill Creek Drive, Suite 360, Laguna Hills, CA, 92653.

On January 8, 2019, I served the within document(s) described as:

**CASE MANAGEMENT STATEMENT**

on the interested parties in this action as stated below:

Christopher C. McNatt, Jr.                                **Attorneys for Defendant**
cmcnatt@scopelitis.com                                   J.B. Hunt Transport, Inc.
Megan E. Ross
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101

Alaina C. Hawley
ahawley@scopelitis.com
James A. Eckhart
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Laguna Hills, California for collection and mailing pursuant to my firm's ordinary business practice. I am familiar with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is jmscheppach@sbpc.law and I utilized One Legal e-services to accomplish said electronic transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 8, 2019, at Laguna Hills, California.

| | |
|---|---|
| John M. Scheppach | |
| (Type or print name) | (Signature of Declarant) |

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| Christopher C. McNatt, Jr. (SBN 174559)<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP<br>2 North Lake Avenue, Suite 560, Pasadena, California 91101<br>TELEPHONE NO.: (626) 795-4700    FAX NO. *(Optional)*: (626) 795-4790<br>E-MAIL ADDRESS *(Optional)*: cmcnatt@scopelitis.com<br>ATTORNEY FOR *(Name)*: J.B. Hunt Transport, Inc. | Electronically Filed<br>1/10/2019 1:09 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Nicole Nelson, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** STANISLAUS
STREET ADDRESS: 801 10th Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

PLAINTIFF/PETITIONER: KENNETH FREENEY

DEFENDANT/RESPONDENT: J.B. HUNT TRANSPORT, INC.

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☑ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | CASE NUMBER:<br>CV18002954 |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 22, 2019    Time: 8:30 a.m.    Dept.: 24    Div.:    Room:

Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone, by** *(name)*: Christopher C. McNatt, Jr.

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: J.B. Hunt Transport, Inc.
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Overtime and related derivative claims

---

**Page 1 of 5**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: KENNETH FREENEY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: J.B. HUNT TRANSPORT, INC. | CV18002954 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff is a former driver of Defendant. Plaintiff was exempt from the payment of overtime under the Wage Order for the time he spent performing work as a driver and the seven days before. He was paid overtime while in orientation. Plaintiff alleges that overtime payment was insufficient and Defendant denies it. Defendant paid Plaintiff at the appropriate rate of pay and paid all wages owed.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐ The trial has been set for *(date):*
   b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
       This case will be ready for trial if the Court denies class certification; otherwise, it will not be.
   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
   a.  ☑ days *(specify number):* 10-15 (if certification is granted); 2-3 (if certification is not granted)
   b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
   a.  Attorney: James H. Hanson (pro hac vice application to be submitted)
   b.  Firm: Scopelitis, Garvin, Light, Hanson & Feary, P.C.
   c.  Address: 10 West Market Street, Suite 1400, Indianapolis, IN 46204
   d.  Telephone number: 317-637-1777
   e.  E-mail address: jhanson@scopelitis.com
   f.  Fax number: 317-716-9144
   g.  Party represented: J.B. Hunt Transport, Inc.
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

      (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| | | |
|---|---|---|
| CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | **Page 2 of 5** |

| | |
|---|---|
| PLAINTIFF/PETITIONER: KENNETH FREENEY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: J.B. HUNT TRANSPORT, INC. | CV18002954 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ✓ | ✓ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CM-110**

| PLAINTIFF/PETITIONER: KENNETH FREENEY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: J.B. HUNT TRANSPORT, INC. | CV18002954 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☑ Coverage issues will significantly affect resolution of this case *(explain):*

Defendant is investigating whether insurance coverage is available.

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☑ There are companion, underlying, or related cases.

(1) Name of case: Ortega v. J.B. Hunt Transport, Inc.

(2) Name of court: United States District Court for the Central District of California

(3) Case number: No. 2:07-cv-08336-RGK-AFM

(4) Status: Finalizing Settlement

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion for Summary Judgment on overtime requirements

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER: | KENNETH FREENEY | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | J.B. HUNT TRANSPORT, INC. | CV18002954 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

The parties met and conferred on January 9, 2019 and agreed to stay discovery while the parties pursue early mediation.

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 10, 2019

| Christopher C. McNatt, Jr. | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO: 174,559<br>NAME: Christopher C. McNatt, Jr.<br>FIRM NAME: SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP<br>STREET ADDRESS: 2 North Lake Avenue, Suite 560<br>CITY: Pasadena                    STATE: CA      ZIP CODE: 91101<br>TELEPHONE NO.: (626) 795-4700        FAX NO. : (626) 795-4790<br>E-MAIL ADDRESS: cmcnatt@scopelitis.com<br>ATTORNEY FOR (name):  J.B. Hunt Transport, Inc. | *FOR COURT USE ONLY*<br><br>Electronically Filed<br>1/10/2019 1:09 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Nicole Nelson, Deputy |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS<br>  STREET ADDRESS:  801 10th Street<br>  MAILING ADDRESS:  Same<br>  CITY AND ZIP CODE:    Modesto, CA 95354<br>  BRANCH NAME:  City Towers Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: KENNETH FREENEY | CASE NUMBER: |
| DEFENDANT/RESPONDENT: J.B. HUNTTRANSPORT, INC. | JUDICIAL OFFICER:<br>CV18002954 |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>24 |

1. I am at least 18 years old.

    a. My residence or business address is *(specify):*
       2NorthLakeAvenue, Suite560, Pasadena, California91101

    b. My electronic service address is *(specify):*
       cmcnatt@scopelitis.com

2. I electronically served the following documents *(exact titles):*

    Case Management Statement

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

    a. Name of person served:  John M. Scheppach; Brian R. Bauer

       On behalf of *(name or names of parties represented, if person served is an attorney):*
       KENNETH FREENEY

    b. Electronic service address of person served *:*
       jmscheppach@sbpc.law; bbauer@sbpc.law

    c. On *(date):*  January 10, 2019

       ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
       *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: January 10, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Christopher C. McNatt, Jr.
_____                        ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)                           (SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

SCHEPPACH BAUER PC
JOHN M. SCHEPPACH (BAR NO. 240633)
Email: jmscheppach@sbpc.law
BRIAN R. BAUER (BAR NO. 238368)
Email: bbauer@sbpc.law
23161 Mill Creek Drive, Suite 360
Laguna Hills, CA 92653
Phone: (949) 209-8880
Fax: (949) 358-7884

Attorneys for Plaintiff
KENNETH FREENEY, on behalf of himself
and all others similarly situated

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
Christopher C. McNatt, Jr. (BAR NO. 174559)
cmcnatt@scopelitis.com
Megan E. Ross (BAR NO. 227776)
mross@scopelitis.com
2 North Lake Avenue, Suite 560
Pasadena, California 91101

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
Alaina C. Hawley (BAR NO. 309191)
ahawley@scopelitis.com
James A. Eckhart (BAR NO. 321101)
jeckhart@scopelitis.com
10 West Market Street, Suite 1400
Indianapolis, IN 46204

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

**FILED**

2019 JAN 22  PM 3: 59

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

_____ DEPUTY

$21 PD

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF STANISLAUS

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. CV-18-002954 <br><br> ASSIGNED FOR ALL PURPOSES TO: <br> Judge Roger M. Beauchesne <br> Dept. 24 <br><br> JOINT STIPULATION TO CONTINUE THE CASE MANAGEMENT CONFERENCE;   ORDER THEREON <br><br> Complaint Filed: September 20, 2018 |

-1-
_____
JOINT STIPULATION TO CONTINUE THE CMC

## JOINT STIPULATION TO CONTINUE THE CMC

Plaintiff Kenneth Freeney ("Plaintiff") together with Defendant J.B. Hunt Transport, Inc. (collectively, the "Parties"), by and through their undersigned counsel of record, hereby provide this Joint Stipulation to Continue the Case Management Conference ("CMC") currently scheduled for January 22, 2019.

This case is an alleged class action. In an effort to resolve the action, the Parties have agreed to participate in a class action mediation, and the Parties are currently in the process of coordinating the mediation logistics. The Parties expect that the mediation will occur within approximately the next five (5) months.

In order to conserve judicial and party resources, and to facilitate the Parties' resolution efforts, the Parties respectfully request that the Court continue the CMC to June 17, 2019. 1/22/19

RESPECTFULLY SUBMITTED AND SO STIPULATED.

Dated: ___January 14___, 2019

SCHEPPACH BAUER PC

By: _____
John M. Scheppach
Attorneys for Plaintiff
KENNETH FREENEY, on behalf of himself and others similarly situated

Dated: ___Jan. 14___, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: _____
Christopher C. McNatt, Jr.
Attorneys for Defendant
J.B. HUNT TRANSPORT, INC.

## [PROPOSED] ORDER

FOR GOOD CAUSE APPEARING, the Court hereby accepts the Stipulation of the Parties and orders as follows:

1.     The Case Management Conference currently scheduled for January 22, 2019, at 8:30 a.m. in Department 24, is hereby continued to June 17, 2019, at 8:30 a.m. in Department 24.

2.     Plaintiff shall give notice.

IT IS SO ORDERED.

DATED: _January 22, 2019_     _____

JUDGE OF THE SUPERIOR COURT   ROGER M. BEAUCHESNE

-3-

JOINT STIPULATION TO CONTINUE THE CMC

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 23161 Mill Creek Drive, Suite 360, Laguna Hills, California 92653.

On January 14, 2019, I served the within document(s) described as:

**JOINT STIPULATION TO CONTINUE THE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON**

on the interested parties in this action as stated below:

Christopher C. McNatt, Jr.
cmcnatt@scopelitis.com
Megan E. Ross
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101

Alaina C. Hawley
ahawley@scopelitis.com
James A. Eckhart
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204

**Attorneys for Defendant**
J.B. Hunt Transport, Inc.

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is jmscheppach@sbpc.law and I utilized One Legal e-services to accomplish said electronic transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 14, 2019, at Laguna Hills, California.

_____
John M. Scheppach
(Type or print name)

_____
(Signature of Declarant)

PROOF OF SERVICE

CT04 02/11

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

Case Name: Freeney, Kenneth    Date: 1-22-19
vs.    Case No.: CV-18-002954
JB Hunt Transport    Case Management Conference Order

Appearances: J. Scheppach (cc).    C. McNett (cc).

Assigned to Judge _____, Dept. ____, for all purposes, including trial.

1. Next case management conference is 6/17/18 19 at 8:30 a.m./p.m. in Department # 24

2. New case management statements ☒ must be timely filed ☐ not required. By the next CMC, the following shall be completed: ☒ File proof of service as to all parties: ☐ have the appearance of all parties or defaults entered ☐ Counsel for Plt./Def. to notify all parties of new court date. ☐ _____
(✓) Plan I    ( ) Plan II    ( ) Plan III    (✓) Complex Case    ( ) Past Plan

3. Settlement Conference is _____ in Department # _____ at _____ a.m./p.m.

4. Trial is: _____ in Dept. # _____ at _____ a.m./p.m. Jury / non Jury.
Jury requested by: _____. Time for trial: _____ Time for in limine motions: _____
No. of sides: _____ Peremptory challenges _____

5. Case is referred to ☐ Court Mediation ☐ Judicial Arbitration ☐ Other _____. Mediation Stipulation (STAN-100) and fees are due within 25 days of today. Discovery will / will not remain open. Discovery will be completed per code

6. Court advised case has settled. Matter set for Court's Motion to Dismiss on _____ at _____ a.m./p.m., in Dept. # _____.

7. Case is calendared for Default Hearing on _____ at _____ a.m./p.m. in Department # _____

8. Order to Show Cause is issued to _____ to show cause on _____ at _____ a.m./p.m in Department # _____ why the Court should not impose monetary sanctions against you for violating California Rule of Court 3.110 by ☐ failing to timely file proof of service; ☐ failing to timely enter default; ☐ failing to timely obtain default judgment; and/or
_____
_____

9. Sanctions: Party _____ shall pay $ _____ in sanctions forthwith to the Court for ☐ failure to appear ☐ failure to file case management statement ☐ _____

10. Other Orders: Ntc. of Settlement (Cond) filed 12/17/18.
_____
_____

11. ☐ Uninsured Motorist _____ ☐ Bankruptcy Filed _____ ☐ Stay _____

Clerk: as
Dated: JAN 2 2 2019    Roger M. Beauchesne
    JUDGE OF THE SUPERIOR COURT

CC: Court Calendar Manager
ADR Clerk
Fiscal Services

MINUTE ORDER

**SCHEPPACH BAUER PC**
JOHN M. SCHEPPACH (BAR NO. 240633)
Email: jmscheppach@sbpc.law
BRIAN R. BAUER (BAR NO. 238368)
Email: bbauer@sbpc.law
23161 Mill Creek Drive, Suite 360
Laguna Hills, CA 92653
Phone: (949) 209-8880
Fax: (949) 358-7884

Attorneys for Plaintiff
KENNETH FREENEY, on behalf of himself
and all others similarly situated

SUPERIOR COURT OF CALIFORNIA

COUNTY OF STANISLAUS

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV18002954<br><br>[ASSIGNED FOR ALL PURPOSES TO JUDGE ROBERT M. BEAUCHESNE, DEPT. 24]<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Complaint Filed: September 20, 2018 |

NOTICE OF CASE MANAGEMENT CONFERENCE

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court, in the above-captioned matter, has set a Case Management Conference ("Conference") for June 17, 2019, at 8:30 a.m. in Department 24. A true and correct copy of the Court's order regarding the Conference is attached hereto as **Exhibit A.**

Dated:  March 21, 2019                              **SCHEPPACH BAUER PC**

By: _____

JOHN M. SCHEPPACH
Attorneys for Plaintiff
KENNETH FREENEY, an individual,
on behalf of himself and all others
similarly situated

NOTICE OF CASE MANAGEMENT CONFERENCE

# EXHIBIT A

SCHEPPACH BAUER PC
JOHN M. SCHEPPACH (BAR NO. 240633)
Email: jmscheppach@sbpc.law
BRIAN R. BAUER (BAR NO. 238368)
Email: bbauer@sbpc.law
23161 Mill Creek Drive, Suite 360
Laguna Hills, CA 92653
Phone: (949) 209-8880
Fax: (949) 358-7884

Attorneys for Plaintiff
KENNETH FREENEY, on behalf of himself
and all others similarly situated

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
Christopher C. McNatt, Jr. (BAR NO. 174559)
cmcnatt@scopelitis.com
Megan E. Ross (BAR NO. 227776)
mross@scopelitis.com
2 North Lake Avenue, Suite 560
Pasadena, California 91101

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
Alaina C. Hawley (BAR NO. 309191)
ahawley@scopelitis.com
James A. Eckhart (BAR NO. 321101)
jeckhart@scopelitis.com
10 West Market Street, Suite 1400
Indianapolis, IN 46204

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> J.B. HUNT TRANSPORT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. CV-18-002954 <br><br> ASSIGNED FOR ALL PURPOSES TO: <br> Judge Roger M. Beauchesne <br> Dept. 24 <br><br> **JOINT STIPULATION TO CONTINUE THE CASE MANAGEMENT CONFERENCE;      ORDER THEREON** <br><br> Complaint Filed: September 20, 2018 |

-1-
JOINT STIPULATION TO CONTINUE THE CMC

## JOINT STIPULATION TO CONTINUE THE CMC

Plaintiff Kenneth Freeney ("Plaintiff") together with Defendant J.B. Hunt Transport, Inc. (collectively, the "Parties"), by and through their undersigned counsel of record, hereby provide this Joint Stipulation to Continue the Case Management Conference ("CMC") currently scheduled for January 22, 2019.

This case is an alleged class action. In an effort to resolve the action, the Parties have agreed to participate in a class action mediation, and the Parties are currently in the process of coordinating the mediation logistics. The Parties expect that the mediation will occur within approximately the next five (5) months.

In order to conserve judicial and party resources, and to facilitate the Parties' resolution efforts, the Parties respectfully request that the Court continue the CMC to June 17, 2019.    1/22/19

**RESPECTFULLY SUBMITTED AND SO STIPULATED.**

Dated:    January 14 , 2019          SCHEPPACH BAUER PC

By: _____
John M. Scheppach
Attorneys for Plaintiff
KENNETH FREENEY, on behalf of himself
and others similarly situated

Dated:  Jan. 14 , 2019          SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP

By: _____
Christopher C. McNatt, Jr.
Attorneys for Defendant
J.B. HUNT TRANSPORT, INC.

-2-
JOINT STIPULATION TO CONTINUE THE CMC

## [PROPOSED] ORDER

FOR GOOD CAUSE APPEARING, the Court hereby accepts the Stipulation of the Parties and orders as follows:

1.     The Case Management Conference currently scheduled for January 22, 2019, at 8:30 a.m. in Department 24, is hereby continued to June 17, 2019, at 8:30 a.m. in Department 24.

2.     Plaintiff shall give notice.

IT IS SO ORDERED.

DATED: January 22, 2019                        _____
                                               JUDGE OF THE SUPERIOR COURT ROGER M. BEAUCHESNE

-3-
JOINT STIPULATION TO CONTINUE THE CMC

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California, as a shareholder of Scheppach Bauer PC. I am over the age of eighteen (18) and am not a party to this action. My business address is 23161 Mill Creek Drive, Suite 360, Laguna Hills, CA, 92653.

On March 21, 2019, I served the within document(s) described as:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

on the interested parties in this action as stated below:

Christopher C. McNatt, Jr.                    **Attorneys for Defendant**
cmcnatt@scopelitis.com                        J.B. Hunt Transport, Inc.
Megan E. Ross
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101

Alaina C. Hawley
ahawley@scopelitis.com
James A. Eckhart
jeckhart@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204

☒      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is jmscheppach@sbpc.law and I utilized One Legal e-services to accomplish said electronic transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 21, 2019, at Laguna Hills, California.

    John M. Scheppach                         _____
    (Type or print name)                      (Signature of Declarant)

_____
PROOF OF SERVICE

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel: (626) 795-4700
Fax: (626) 795-4790

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN  46204
Tel: (317) 637-1777
Fax: (317) 687-2414

Attorneys for Defendant,
J.B. HUNT TRANSPORT, INC.

John M. Scheppach (Bar No. 240633)
jmscheppach@sbpc.law
BRIAN R. BAUER (BAR NO. 238368)
hbauer@sbpc.law
SCHEPPACH BAUER PC
23161 Mill Creek Drive, Suite 360
Laguna Hills, CA 92653
Phone:(949)209-8880
Fax:(949) 358-7884

Attorneys for Plaintiff,
KENNETH FREENEY

Electronically Filed
5/28/2019 1:53 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Christine Zulim, Deputy

$20 PD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| KENNETH FREENEY, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.: Case No.: CV18002954<br><br>**JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br><br>Complaint Filed: September 20, 2018<br>Hon. Roger M. Beauchesne<br>Dept. 24<br>Trial Date: Not Set |

1

JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE

Plaintiff, Kenneth Freeney and Defendant, J.B. Hunt Transport, Inc., stipulate and agree as follows:

1.     Plaintiff filed his Class Action Complaint on September 20, 2018, and the Court set an initial Case Management Conference for January 22, 2019.

2.     At the parties' request, the Court continued the Case Management Conference until Monday, June 17, 2019, to allow the parties to engage in settlement discussions.

3.     The parties have scheduled a mediation with the Honorable Jan M. Adler on Monday, September 9, 2019, in Los Angeles, California, and are in the process of preparing for that mediation.

4.     To allow the parties to focus on preparing for mediation and to conserve judicial resources, the parties respectfully request the Court continue the Monday, June 17, 2019 Case Management Conference until Monday, October 7, 2019. The parties will file a case management conference statement by Monday, September 23, 2019, advising the Court whether the parties reached a settlement in this case.

IT IS SO STIPULATED.

Dated: May 22, 2019                    SCOPELITIS, GARVIN, LIGHT, HANSON
                                       & FEARY, LLP


                                       By:     */s/ Christopher C. McNatt, Jr.*
                                               Christopher C. McNatt, Jr.
                                               Attorneys for Defendant,
                                               J.B. HUNT TRANSPORT, INC.

Dated: May 22, 2019                    SCHEPPACH BAUER PC


                                       By:     */s/ John M. Scheppach*
                                               John M. Scheppach
                                               Attorneys for Plaintiff,
                                               KENNETH FREENEY

2

JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE

[PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, and pursuant to the Stipulation of the parties, the Court hereby accepts the Stipulation of the Parties and orders as follows:

1.    The Monday, June 17, 2019 Case Management Conference is continued until Monday, October 7, 2019.

2.    The parties shall file a case management conference statement by Monday, September 23, 2019, advising the Court whether the parties reached a settlement in this case.

IT IS SO ORDERED.

DATED:_____May,22_____, 2019    _____

Roger M. Beauchesne
JUDGE OF THE SUPERIOR COURT

3

JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Derek R. Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On May 22, 2019, I served the foregoing document described as **JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> John M. Scheppach, Esq.
> Brian R. Bauer, Esq.
> SCHEPPACH BAUER PC
> 23161 Mill Creek Drive, Suite 360
> Laguna Hills, California 92653

√   **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

—   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 22, 2019, at Pasadena, California.

_____
Derek R. Mitchell

4838-2146-5495, v. 2

PROOF OF SERVICE